| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Philip Jacques<br>Special Agent: Samantha Brockmiller-Rasmussen | Telephone: (313) 226-9100<br>Telephone: (313) 202-3400 | |

# UNITED STATES DISTRICT COURT
for the
### Eastern District of Michigan

United States of America
v.
Cornelius Nelson Jr.

Case: 2:25−mj−30214
Assigned To : Unassigned
Assign. Date : 4/8/2025
Case No.   Description: RE: SEALED MATTER (EOB)

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 3, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of ammunition |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Samantha Brockmiller-Rasmussen, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: April 8, 2025

_____
*Judge's signature*

City and state: Detroit, MI

Hon. David R. Grand, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. I, Samantha Brockmiller-Rasmussen, being first duly sworn, hereby state:

## INTRODUCTION

2. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516, Title 18, United States Code. I have been employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, as a Special Agent since December of 2023. I completed the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF Special Agent Basic Training Program in Glynco, Georgia.

3. Prior to becoming a Special Agent with ATF, I was an Intelligence Analyst with the Oakland County Sheriff's Office for approximately one year. I obtained a Master of Science degree in Criminology and a Bachelor of Science degree majoring in Criminology and Criminal Justice and Psychology from Florida State University.

4. I am a Special Agent in Group IV, which is responsible for conducting investigations related to violent crime and/or gangs. During my employment, I, and

Agents assigned to this investigation, have conducted and/or participated in numerous criminal investigations involving the illegal possession, use, and sale of firearms, drug trafficking violations, fraud, and criminal street gangs.

5. This affidavit is made in support of an application for a criminal complaint for Cornelius Nkenge NELSON Jr., a/k/a "Corn."

6. I have probable cause to believe that NELSON, who knew he was prohibited from possessing ammunition due to his felony conviction, knowingly possessed ammunition, which traveled in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1).

7. I make this affidavit based on my participation in this investigation, interviews conducted by myself and other law enforcement agents, reports from other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

8. The information in this affidavit is for the limited purpose of establishing probable cause and does not contain all details or all facts relating to this investigation.

## **PROBABLE CAUSE**

9. I reviewed records related to NELSON's computerized criminal history from the Third Circuit Court in Wayne County, Michigan, (19-004312-01-FH), which revealed the following felony convictions:

    a. On or about May 27, 2019, NELSON was charged with one count of felony Assault with a Dangerous Weapon and one count of felony Accessory After the Fact to a Felony. On July 8, 2019, NELSON pled guilty to both felony charges. On or about August 23, 2019, NELSON was sentenced to two years of probation.

10.    I also reviewed records related to NELSON's computerized criminal history from the United States District Court for the Eastern District of Michigan, Southern Division, in Wayne County, Michigan, (Case No. 20-CR-20326-001) which revealed the following felony convictions:

    a. On or about June 12, 2020, NELSON was arrested and charged with 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm). On July 29, 2020, he was indicted by a federal Grand Jury in violation of three counts of 18 U.S.C. § 922(g)(1). On October 6, 2020, NELSON pled guilty to Count 3 of the indictment. On or about February 2, 2021, NELSON was sentenced to 57 months imprisonment followed by three years of supervised release. NELSON was released from prison in approximately October 2024 and is currently on federal supervised release.

11.    Based on my training and experience, courts usually inform the defendant of the maximum possible punishment for the offense prior to accepting a guilty plea for the offense. As NELSON has been convicted of several felonies, including the specific offense of Firearm Possession by a Convicted Felon, and was recently released after

being incarcerated for several years, there is probable cause to believe that NELSON is aware of his status as a convicted felon.

12. On April 3, 2025, at approximately 8:05 p.m., officers with the Detroit Police Department (DPD) were dispatched to the area of XXX57 Fenmore Street, Detroit, Eastern District of Michigan for reports of a shooting, documented in DPD Report #2504030345. Upon arrival, officers met a male victim, V. A. (Victim 1), who had been shot in his right leg and abdomen and was lying on the grass in front of XXX57 Fenmore. Officers later met a female victim, K. L. (Victim 2), who had been shot under her chin. Witnesses on scene stated there was an argument that occurred between two young males and Victim 1. Another witness stated one of the young males, who was wearing all red and had "reddish dread locks on top", fired shots at Victim 1. The witnesses told officers that, following the gunfire, the two young males ran into XXX35 Fenmore Street and one witness believed that one of the males was armed with a "long gun". Officers were able to contact the owner of XXX35 Fenmore Street and obtained the Ring doorbell footage from the residence that showed the two young males.

13. On April 5, 2025, I spoke with DPD Detective (Det.) Detrick Mott who advised that officers identified Rashod Smith Jr as one of the two young males observed in the Ring doorbell footage from XXX35 Fenmore Street. However, officers were not able to immediately identify the second young male. Det. Mott provided me with the Ring doorbell footage. During my review of the footage, and based on my background knowledge of investigations both males are involved in, I recognized the young males

as Rashod Smith Jr. and Cornelius Nkenge NELSON Jr.

14. On or about April 5, 2025, ATF Agents contacted NELSON's Probation Agent and provided her with the Ring doorbell footage. On that same date, she confirmed that the individual wearing red in the video was Cornelius NELSON Jr. Additionally, NELSON's Probation Agent stated she would submit a formal supervised release violation for NELSON based on the information provided.

15. I further confirmed my initial recognition of NELSON by comparing a State Identification image of NELSON with the individual seen in the doorbell footage. Image 1 is an image from the Michigan Secretary of State dated January 24, 2025, and Image 2 is a screenshot from the Ring doorbell footage from XXX35 Fenmore Street from April 3, 2025. (Note: As observed on the Instagram account associated with NELSON, "chapodareaper5," NELSON dyed the top half of his scalp and locs bright red on or about March 7, 2025.)

 

**Image 1**            **Image 2**

16. I have previously reviewed the publicly accessible portions of the

Instagram account associated with Cornelius NELSON, "chapodareaper5," as part of another ATF investigation. I recognized NELSON's red outfit appeared consistent with an outfit he wore in a series of images posted to his Instagram account on or about March 7, 2025. Image 3 is a screenshot of the post.



**Image 3**

17.  The remaining observations I made during my review of the Ring doorbell footage from XXX35 Fenmore Street include:

  a. Approximately 6 gunshots ring out and Rashod Smith Jr. and Cornelius NELSON Jr. run down Fenmore Street and up toward the residence with the camera. NELSON is wearing a red tracksuit and black shoes. NELSON appears to carry an AK-style pistol. Smith Jr. appears to tell NELSON, "You know you gotta dip [leave]." Both men enter the residence through the front door. Image 4 is a screenshot from the footage

showing Smith and NELSON.



**Image 4**

18.     Based on my training, experience, and the consultation of senior agents, I am aware that AK-style pistols consistent with the characteristics of what NELSON is suspected of possessing typically chamber 5.56 or 7.62 caliber ammunition. Additionally, I am aware that officers recovered approximately three 7.62 caliber shell casings from the scene near XXX75 Fenmore Street.

19.     On the same date, April 7, 2025, I reviewed the ShotSpotter[1] reports (ShotSpotter IDs: 317-254909 and 317-254910) and relevant audio files associated with the above-described incident. The ShotSpotter audio recorded under 317-254909 sounded consistent with information from the witness who stated that he heard two

---

[1] ShotSpotter is a system that uses a network of outdoor acoustic sensors to automatically detect, verify, and notify law enforcement of the specific times and locations of firearm discharges.

shots and saw V.A. fall to the ground and watched the man wearing red fire approximately 3 additional shots at the victim.

20. On April 7, 2025, I provided Special Agent Jacobs, an ATF Interstate Nexus Expert, with images of a 7.62 caliber casing collected from the above-described incident at XXX57 Fenmore Street. Based upon the images, Special Agent Jacobs advised that the cartridge casing met the definition of ammunition under 18 U.S.C. § 921 (a)(17)(A), were manufactured outside the State of Michigan, and had therefore traveled in and affected interstate commerce.

## CONCLUSION

21. Probable cause exists that Cornelius Nkenge NELSON Jr., knowing that he had previously been convicted of a crime punishable by more than one year of imprisonment, knowingly possessed ammunition, that had travelled in or affected interstate commerce in violation of Title 18 U.S.C. § 922(g)(1). This violation occurred on April 3, 2025, within the Eastern District of Michigan.

Respectfully submitted,

_____
Samantha Brockmiller-Rasmussen, Special Agent
Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence
and/or by reliable electronic means

_____
Hon. David R. Grand
United States Magistrate Judge

Dated: April 8, 2025